[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] TRIAL NO. A-0007203
JUDGMENT ENTRY.
{¶ 1} This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
{¶ 2} Robert Schanz was the sole shareholder of DomiRacer Distributors, Inc., ("DomiRacer") until September 5, 1997, when he sold all of his stock to Stephen T. Bennett. DomiRacer executed a note in the amount of $1,500,000 in favor of Schanz. Bennett guaranteed the note and pledged his DomiRacer stock as security. Bennett, as sole shareholder of DomiRacer, elected himself sole director and president.
{¶ 3} Various disputes arose and litigation ensued. Bennett hired Frost Jacobs, n/k/a Frost Brown Todd ("F J"), to represent him as an individual and DomiRacer as a corporate entity. Eventually, Schanz and Bennett entered into a settlement agreement and released each other and their respective attorneys from liability for all claims and obligations. Pursuant to the settlement agreement, Schanz reacquired the DomiRacer stock and became its sole shareholder.
{¶ 4} Schanz then made a demand on Bennett for the allegedly wrongful appropriation of DomiRacer's assets. DomiRacer sued F J for malpractice. Bennett filed a declaratory judgment action seeking a declaration that DomiRacer was barred from recovery based upon the release in the prior litigation. The cases were consolidated. Bennett and F J filed motions for summary judgment, arguing, inter alia, that the settlement agreement and the release executed by Schanz barred DomiRacer from recovery. The trial court granted the motions. DomiRacer has appealed.
{¶ 5} The two assignments of error, which allege that the trial court erred in granting summary judgment in favor of Bennett and F 
J, are overruled.
 While stockholders of a corporation cannot by any agreement among themselves prejudice the rights of the corporation, creditors, or other stockholders, or divest the board of directors of authority to manage and control corporate affairs, yet, where all the stockholders, as an inducement to the purchase of a part of the stock held by each of them, enter into a contract, which in terms provides that the purchasers of stock from such shareholders "are in no way to assume or pay the whole or any part of any unearned interest heretofore due," which unearned interest was theretofore paid by the corporation with money contributed by its stockholders in proportion to the amount of stock held by each, the corporation cannot be used by the contracting parties as an instrument or excuse to avoid the terms of such contract or defeat performance of the same. [Emphasis added.]
 Hocking Valley Railway Co. v. Toledo Terminal Railroad Co. (1918), 99 Ohio St. 35, 122 N.E. 35, paragraph three of the syllabus.
{¶ 6} A corporation and its shareholders are deemed separate entities for most purposes, but, a shareholder cannot avoid the effects of his own contracts, including a release, by utilizing the vehicle of the corporation, where the shareholder is in control of all the voting stock of the corporation. See Knowlton Co. v. Knowlton (1983),10 Ohio App.3d 82, 460 N.E.2d 632, citing Hocking Valley Railway Co. v.Toledo Terminal Railroad Co., supra.
{¶ 7} It is clear from the express and unambiguous terms of the settlement agreement that the intention of the parties to the prior litigation was to resolve all claims and liabilities arising from the dispute over the DomiRacer corporation. Schanz could not use DomiRacer to defeat or avoid the settlement agreement that he had executed. SeeHocking Valley Railway Co. v. Toledo Terminal Railroad Co., supra;Knowlton Co. v. Knowlton, supra. We agree with the trial court, which stated, "It is apparent that Schanz is unhappy with the results of the agreement and release which he signed, but he cannot use DomiRacer to pursue the claims which he has personally abandoned."
 We hold that the settlement agreement and the release executed by Schanz were binding upon DomiRacer.
Therefore, the judgment of the trial court is affirmed.
{¶ 8} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Sundermann, JJ.